UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL WILLIAMS-ISRAEL, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, and BELINDA NUCIFORA<br><br>  Defendants. | Case No. 1:24-cv-07046-PK |

**MEMORANDUM OF LAW IN SUPPORT OF RICK BUNNEY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Rick Bunney ("Bunney") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Bunney as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Bunney's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.  PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired Iris Energy Limited ("Iris Energy") securities between June 20, 2023 and July 11, 2024, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Bunney is the "most adequate plaintiff" as defined by the PSLRA.

Bunney believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Bunney satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

1

provision, Bunney respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Bunney's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.  FACTUAL BACKGROUND[1]

Iris Energy is a "leading next-generation data center business powering the future of Bitcoin, AI and beyond[.]" Pertinent to this action, Iris Energy previously described itself at times as simply a "leading sustainable Bitcoin miner" and then "a leading owner and operator of institutional-grade, highly efficient Bitcoin mining data centers."

The complaint in the above-captioned action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors that: (1) Defendants overstated Iris Energy's prospects with data centers and high performance computing, in large part as a result of material deficiencies in Iris Energy's Childress County, Texas site; and (2) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On July 11, 2024, Culper Research published a report alleging, among other things, that Iris Energy "talks a big game of its [high performance computing ("HPC")] plans but ultimately seems entirely disinterested in actually doing what it takes to compete in the space," and that the Company "is a painfully transparent stock promotion that will unravel as investors realize [its]

---

[1] This section is adapted from the complaints in the above-captioned actions.

2

HPC claims are nonsense and [it] remains a cash guzzling machine." The report further states that the Company's facilities were built for BTC mining and "are ill-equipped for HPC workloads without billions in additional costs."

On this news, Iris Energy's stock price fell $1.70, or 13.2%, to close at $11.20 per share on July 11, 2024, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Bunney Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

3

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Bunney satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Bunney has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Bunney is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Bunney respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Bunney Filed a Timely Motion

Bunney has made a timely motion in response to a PSLRA early notice. On October 7, 2024, pursuant to the PSLRA, notice was published in connection with the first-filed action against Defendants herein. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Bunney had sixty days (*i.e.*, until December 6, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Iris Energy securities during the Class Period, Bunney is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Bunney attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Bunney satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Bunney Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Bunney believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Bunney purchased Iris Energy securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $123,639.66. *See* Linkh Decl., Ex. C. To the best of his knowledge, Bunney is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Bunney believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Bunney Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

5

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)   Bunney's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Bunney's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Bunney alleges that the Defendants' material misstatements and omissions concerning Iris Energy's business, operations, and financial prospects violated the federal securities laws. Bunney, like all members of the class, purchased Iris Energy securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Bunney's interests and claims are "typical" of the interests and claims of the class.

### b)   Bunney Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Bunney has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Bunney is an IT Consulting Principal and resides in Robins, Iowa. Bunney is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Bunney should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Bunney has retained GPM and Holzer as co-lead counsel to pursue this litigation on his behalf and will retain the firms as the class's lead counsel in the event he is appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumé attached to the Linkh Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Rick Bunney respectfully requests that the Court grant his Motion and enter an Order (1) appointing Bunney as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: December 6, 2024 | **GLANCY PRONGAY & MURRAY LLP** |
|  | By:  */s/ Gregory B. Linkh*  <br>Gregory B. Linkh (GL-0477)<br>230 Bunney Ave., Suite 358<br>New York, NY 10169<br>Telephone: (212) 682-5340<br>Facsimile: (212) 884-0988<br>glinkh@glancylaw.com |
|  | Robert V. Prongay<br>Charles H. Linehan<br>1925 Century Bunney East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160 |
|  | **HOLZER & HOLZER, LLC**<br>Corey D. Holzer<br>211 Perimeter Center Parkway, Suite 1010<br>Atlanta, Georgia 30346<br>Telephone: (770) 392-0090<br>Facsimile: (770) 392-0029 |
|  | *Counsel for Rick Bunney and Proposed Co-Lead Counsel for the Class* |

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 6, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 6, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh
