UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL WILLIAMS-ISRAEL, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, and BELINDA NUCIFORA,<br><br>  Defendants. | Case No.  1:24-cv-07046-PK |

NOTICE OF MOTION OF MEGHAN GREGOR FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Meghan Gregor ("Gregor"), by and through her counsel, will and does hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Gregor as Lead Plaintiff on behalf of a class (the "Class") consisting of persons or entities who purchased or otherwise acquired publicly traded Iris Energy Limited securities between June 20, 2023 and July 11, 2024, inclusive; and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel for the Class.

Gregor is aware of Rule VI.A.2.a. of the Individual Practice Rules of the Honorable Peggy Kuo ("Judge Kuo's Rules"), which provides, in relevant part, that movants must confer with other parties "[a]t least two days prior to filing a non-dispositive non-discovery motion," and that "[t]he motion, when filed, must be accompanied by a letter certifying compliance with this rule, and stating whether the non-moving parties consent to the motion or, if the other parties could not be reached for input, the moving party's efforts to reach them." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the above-captioned action is December 6, 2024, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Gregor will thus not know the identities of the other putative Class members who intend to file competing Lead Plaintiff motions until December 7, 2024—the day after the statutory deadline—making conferral with opposing parties and full compliance with the foregoing rules prior to the filing of Gregor's motion papers impracticable. Under these circumstances, Gregor respectfully requests that compliance with Judge Kuo's Rule VI.A.2.a. be waived in this instance. Alternatively, Gregor respectfully submits that the 60-day PSLRA

deadline falls within the exception provided for in Judge Kuo's Rule VI.C., which states, in relevant part, that "[i]f any party concludes in good faith that delaying the filing of a motion in order to comply with any aspect of these Individual Practice Rules will deprive the party of a substantive right, the party may file the motion within the time required . . . together with an explanation of the basis for the conclusion."

| | |
|---|---|
| Dated: December 6, 2024 | Respectfully submitted, |
| | POMERANTZ LLP |
| | */s/ J. Alexander Hood II* |
| | J. Alexander Hood II |
| | Jeremy A. Lieberman |
| | James M. LoPiano |
| | 600 Third Avenue, 20th Floor |
| | New York, New York 10016 |
| | Telephone: (212) 661-1100 |
| | Facsimile: (917) 463-1044 |
| | ahood@pomlaw.com |
| | jalieberman@pomlaw.com |
| | jlopiano@pomlaw.com |
| | *Counsel for Meghan Gregor and Proposed Lead Counsel for the Class* |