**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL WILLIAMS-ISRAEL, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, and BELINDA NUCIFORA,<br><br>    Defendants. | Case No. 1:24-cv-07046-PK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MEGHAN GREGOR
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

    I.    GREGOR SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 4

        A.    Gregor Is Willing to Serve as Class Representative .................................... 5

        B.    Gregor Has the "Largest Financial Interest" in the Action ......................... 5

        C.    Gregor Otherwise Satisfies the Requirements of Rule 23 .......................... 7

        D.    Gregor Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................ 9

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ............................................................................................................ 10

CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
  No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ................................... 7

*Chahal v. Credit Suisse Grp. AG*,
  No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ............................ 6

*Dookeran v. Xunlei Ltd.*,
  No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ....................................... 9

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................. 9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 6

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ........................ 6

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ............................................................................................... 10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................... 6

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ..................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................... 7

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................................. 8

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................... 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................................... 10

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ..................................................................................... 6

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036  (N.D. Ill. Aug. 6, 1997) ........................................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ........................6

**Statutes**

15 U.S.C. §78j(b) ...........................................................................................................................6

15 U.S.C. § 78u-4(a)(3) ......................................................................................................... *passim*

PSLRA ................................................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 .................................................................................................................1, 4, 7, 8

Meghan Gregor ("Gregor") respectfully submits this memorandum of law in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Gregor as Lead Plaintiff on behalf of a class (the "Class") consisting of persons or entities who purchased or otherwise acquired publicly traded Iris Energy Limited ("IREN" or the "Company") securities between June 20, 2023 and July 11, 2024, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. IREN investors, including Gregor, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused IREN's share price to fall sharply, damaging Gregor and other IREN investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Gregor purchased 1,642.689314 publicly traded IREN shares, expended $20,496 on her purchases, retained 1,155.102416 of her publicly traded IREN shares, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $5,414 in connection with her Class Period transactions in publicly traded IREN securities. *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Exhibits ("Exs.") A-B. Accordingly, Gregor believes that she has the largest financial interest in the relief sought in this Action. Beyond her considerable financial interest, Gregor also meets the applicable requirements of Rule 23

because her claims are typical of absent Class members and because she will fairly and adequately represent the interests of the Class.

To fulfill her obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Gregor has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Gregor respectfully requests that the Court enter an Order appointing her as Lead Plaintiff for the Class and approving her selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, as of August 28, 2024, IREN stated that it was a "leading next-generation data center business powering the future of Bitcoin, AI and beyond[.]" IREN previously described itself at times as simply a "leading sustainable Bitcoin miner" and then "a leading owner and operator of institutional-grade, highly efficient Bitcoin mining data centers."

Throughout the Class Period, Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them: (1) Defendants overstated IREN's prospects with data centers and high-performance computing ("HPC"), in large part as a result of material deficiencies in IREN's Childress County, Texas site; and (2) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On July 11, 2024, during market hours, Culper Research ("Culper") issued a report entitled "Iris Energy Ltd (IREN): A Prius at the Grand Prix" (the "Report"). In the Report, Culper announced that it was "short [IREN], a bitcoin miner that now promotes itself as a [HPC] data center play" because it "believe[s] the Company has dramatically misrepresented the strength and potential of its assets for HPC/AI applications." The Report further alleged, *inter alia*, that "IREN talks a big game of its HPC plans, but ultimately seems entirely disinterested in actually doing what it takes to compete in the space"; that "[w]e believe IREN is a painfully transparent stock promotion that will unravel as investors realize the Company's HPC claims are nonsense and IREN remains a cash guzzling machine"; and that "IREN has always, and will continue to be – a non-player in the HPC space because its facilities were built for BTC mining and are ill-equipped for HPC workloads without billions in additional costs."

For example, the Report stated, *inter alia*, that "[o]ur analysis . . . shows that IREN's flagship Childress buildout lacks numerous features that are critical to HPC applications"; that Culper's review of the Company's Childress, Texas technical specifications revealed multiple "deficiencies", including, *inter alia*, that "Childress – which is powered [by] a single transmission line – has zero apparent backup power or uninterruptible power supplies", that "IREN has only ever tested GPUs in British Columbia, not Texas, where temperatures are 20 to 40 degrees hotter year-round", and Culper's "review of the specs on IREN's AI servers suggests that they can only operate up to 95 degrees"; that although "IREN claims that it can keep Childress operating with 'high uptimes' using its existing cooling systems," Culper believes "that existing air cooling is not only insufficient for HPC applications, especially in the extreme temperatures of West Texas, but that over time, they will be rendered obsolete by next-generation NVIDIA architectures that *require* liquid cooling"; that despite IREN's claims that its long-term infrastructure is "well

3

equipped for HPC and AI applications," what it was actually building lacked many of the key features possessed by its competitors; and that "IREN not only misrepresents its existing operations and its expansion at Childress, but the value of its undeveloped land and power."

On this news, the price of IREN stock fell by $2.03 per share, or 15.3% (or 13.1% as compared to the prior closing price), to close at $11.20 per share on July 11, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Gregor and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. GREGOR SHOULD BE APPOINTED LEAD PLAINTIFF

Gregor should be appointed Lead Plaintiff because she has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to her knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

4

    (aa) has either filed the complaint or made a motion in response to a notice . . .;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Gregor satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Gregor Is Willing to Serve as Class Representative

On October 7, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action lawsuit had been filed on behalf of IREN investors, and advising investors in IREN securities that they had until December 6, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Hood Decl., Ex. C.

Gregor has filed the instant motion pursuant to the Notice, and she has attached a sworn Certification attesting that she is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Gregor satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Gregor Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of her knowledge, Gregor has the largest financial interest of any IREN investor or investor group seeking to serve as Lead

5

Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).  Of the *Lax* factors, courts in the Second Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

During the Class Period, Gregor: (1) purchased 1,642.689314 publicly traded IREN shares; (2) expended $20,496 on her purchases of publicly traded IREN securities; (3) retained 1,155.102416 of her publicly traded IREN shares; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $5,414 in connection with her Class Period transactions in publicly traded IREN securities.  *See* Hood Decl., Exs. A-B.  To the extent that Gregor possesses the largest financial interest in the outcome of this litigation, she is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018).

### C. Gregor Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018) ); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Gregor.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to

7

prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Gregor's claims are typical of those of the Class. Gregor alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning IREN, or by omitting to state material facts necessary to make the statements they did make not misleading. Gregor, like other Class members, purchased publicly traded IREN securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove IREN's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Gregor has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits her choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Gregor's interests and those of the Class. Moreover, Gregor has submitted a sworn Certification declaring her commitment to protect the interests of the Class (*see* Hood Decl., Ex. B), and her significant financial interest demonstrates that she has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating her adequacy, Gregor has submitted a signed Declaration attesting to, *inter alia*, her background, her investing experience, her understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, her decision to seek appointment as Lead Plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

### D. Gregor Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Gregor's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

9

Gregor's ability and desire to fairly and adequately represent the Class has been discussed above. Gregor is not aware of any unique defenses Defendants could raise that would render her inadequate to represent the Class. Accordingly, Gregor should be appointed Lead Plaintiff for the Class.

## II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Gregor has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the

10

$225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Gregor's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Gregor's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Gregor respectfully requests that the Court issue an Order: (1) appointing Gregor as Lead Plaintiff for the Class; and (2) approving Gregor's selection of Pomerantz as Lead Counsel for the Class.

Dated: December 6, 2024                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Meghan Gregor and Proposed Lead Counsel for the Class*

11