UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL WILLIAMS-ISRAEL, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, and BELINDA NUCIFORA<br><br>Defendants. | Case No. 1:24-cv-07046-PK |

**RICK BUNNEY'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>COUNSEL</u>**

Lead Plaintiff Movant Rick Bunney ("Bunney") submits this memorandum of law in opposition to the four competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 11, 17, 18, 20), and in support of his motion (Dkt. No. 14). Bunny should be appointed lead plaintiff and his selection of counsel should be approved because he has the largest financial interest and is adequate to represent the class.

## I. PRELIMINARY STATEMENT

Five movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Bunney (Dkt. No. 14); Sandra Maletta ("Maletta") (Dkt. No. 20); Dean Gibbons ("Gibbons") (Dkt. No. 11); Meghan Gregor ("Gregor") (Dkt. No. 18); and Ming Li ("Li") (Dkt. No. 17). However, all movants other than Bunney have effectively abandoned their motions by withdrawing their motions or filing notices informing the court that they do not oppose the competing motions on the basis that they do not have the largest financial interest. *See* Dkt. Nos. 23, 24, 25, 26. As such, only Bunney is still actively seeking appointment as lead plaintiff.

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

As demonstrated in Bunney's memorandum of law in support of his lead plaintiff motion (Dkt. No. 15), Bunney has the largest financial interest in the relief sought by the class, claiming a loss of $123,639.66, and satisfies the requirements of Rule 23. As such, Bunney is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Bunney is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Bunney should be appointed lead plaintiff, and his selection of counsel should be approved.[1]

## II.   BUNNEY IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF

Bunney satisfies all three requirements to be the presumptively most adequate plaintiff since he filed a timely motion, satisfies the relevant requirements of Rule 23, and as explained *infra*, has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Lee Goodman Tr. v. Wheels Up Experience Inc.*, No. 23-cv-2900, 2023 WL 8631014, at *2 (E.D.N.Y. Dec. 12, 2023). Of these factors, losses suffered is the most important. *See id.* Moreover, the "overwhelming trend both in this district and nationwide" is to use the last in, first out ("LIFO") method to calculate losses. *See Marquez v. Bright Health Grp., Inc.*, 2022 WL 1314812, at *5 (E.D.N.Y. Apr. 26, 2022) (citation omitted).

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

2

Here, Bunney has a larger financial interest than the other movants as measured by every factor:

| Movant | Gross Shares Purchased | Net Shares Purchased[2] | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Bunney | 139,904 | 80,111 | $998,865 | $123,640 |
| Maletta | 28,000 | 28,000 | $333,786 | $91,443 |
| Gibbons | 17,739 | 7,489 | $109,113 | $44,932 |
| Gregor | 1,643 | 1,155 | $16,966 | $5,413 |
| Li | 26,700 | 0 | (gain) $485 | (gain) $934 |

As such, Bunney has the largest financial interest.

Notably, Li's LIFO loss differs substantially from his first in, first out ("FIFO") loss he submitted with his initial motion. *See* Dkt. No. 19-3. However, courts generally reject FIFO because it "ignores sales occurring during the class period and hence may exaggerate losses." *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019) (citation omitted).

Since Bunney has the largest financial interest, filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

### III. THE PRESUMPTION THAT BUNNEY IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has even attempted to demonstrate that Bunney is inadequate. Bunney is a sophisticated individual, an IT Consulting Principal, and has

---

[2] The corrective disclosure in this action occurred during market hours on July 11, 2024. *See* Dkt. No. 1 ¶ 57. Bunny's sales on July 11, 2024 (*see* Dkt. No. 16-3) occurred after the corrective disclosure.

3

the ability to adequately represent the class. As such, Bunney should be appointed as lead plaintiff, and no other movant is entitled to consideration.

## IV. BUNNEY'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Glancy Prongay & Murray LLP and Holzer & Holzer, LLC have the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. Nos. 16-4, 16-5. (firm résumés). The firms have decades of experience successfully representing injured investors. *See id.* By approving Bunney's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Bunney's selection of lead counsel for the class should be approved.

## V. CONCLUSION

For the foregoing reasons, Bunney respectfully requests that the Court grant his motion and enter an order: (1) appointing Bunney as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: December 20, 2024        **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Bunney Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

4

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Rick Bunney and Proposed Co-Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 20, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 20, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh