UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                  :

PAUL WILLIAMS-ISRAEL,
*Individually and on behalf of all others similarly situated*,

                           Plaintiff,

                   -against-

IRIS ENERGY LIMITED, DANIEL ROBERTS,
WILLIAM ROBERTS, and BELINDA
NUCIFORA,

                        Defendants.

-------------------------------------------------------------- x

**MEMORANDUM**
**DECISION AND ORDER**

24-CV-7046 (PK)

**Peggy Kuo, United States Magistrate Judge:**

On October 7, 2024, Plaintiff Paul Williams-Israel ("Plaintiff") brought this securities class action lawsuit against Iris Energy Limited ("IREN"), its co-founder and Co-Chief Executive Officer Daniel Roberts, its co-founder and Co-Chief Executive Officer William Roberts, and its Chief Financial Officer Belinda Nucifora (collectively, "Defendants"), alleging that they engaged in securities fraud in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, with a Class Period between June 20, 2023 and July 11, 2024. (Complaint ("Compl."), Dkt. 1.)

Before the Court are four motions pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for appointment as lead plaintiff and approval of proposed lead plaintiff's selection of lead counsel. The movants are Rick Bunney, Ming Li, Meghan Gregor, and Sandra Maletta. ("Bunney's Motion," Dkt. 14; "Li's Motion," Dkt. 17; "Gregor's Motion," Dkt. 18; "Maletta's Motion," Dkt. 20.)

1

For the reasons stated below, Bunney's Motion is GRANTED, and Li's Motion, Gregor's Motion, and Maletta's Motion are each DENIED.

## DISCUSSION

### I.  Appointment of Lead Plaintiff

In securities class actions, the PSLRA provides for the appointment of a lead plaintiff and lead counsel.  The PSLRA requires plaintiffs, within twenty days of filing the complaint, to

> cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Plaintiff published a notice on BusinessWire, a national, business-oriented wire service, the same day he filed the Complaint.  (Ex. A to Declaration of Gregory Linkh ("Linkh Decl.") (the "Notice"), Dkt. 16-1.)  *See Lemm v. New York Cmty. Bancorp, Inc.*, 733 F. Supp. 3d 107, 114 (E.D.N.Y. 2024) (finding BusinessWire a "satisfactory" publication in this Circuit for class notice purposes). The Notice stated that the lawsuit had been filed, described the claims in the action, and indicated the Class Period.  (Notice at 1.)  It also stated a deadline of December 6, 2024—60 days from the publication date of October 7, 2021—to make a motion to be appointed as lead plaintiff.  (*Id.*)

Bunney, Li, Gregor, Maletta, and Dean Gibbons timely filed motions for appointment as lead plaintiff and approval of lead counsel.  *See* 5 U.S.C. § 78u-4(a)(3)(A)(i)(II); Fed. R. Civ. P. 6(a); *see also* ("Gibbons Motion," Dkt. 11).  Gibbons subsequently withdrew his motion (*see* Dkt. 23), while Li, Gregor, and Maletta each filed a notice stating that they do not oppose Bunney's Motion,

2

acknowledging that they do not appear to have the largest financial interest among the movants. (*See* Dkts. 24, 25, 26.)  Bunney's Motion is, therefore, unopposed.

With Bunney's Motion, and in compliance with Section 21D(a)(2) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(2), Bunney submitted a certification signed by him, stating that he has reviewed the Complaint and authorizes the filing of a comparable complaint on his behalf, that he did not purchase or acquire IREN securities at the direction of Plaintiff's counsel or in order to participate in any private action arising under the Securities Act of 1933 or Securities Exchange Act of 1934, that he is willing to serve as a class representative, that during the three-year period preceding the date of his certification he had not served or sought to serve as a representative party on behalf of a class under the federal securities laws, and that he will not accept payment for serving as a class representative beyond his pro rata share of any recovery, except such reasonable costs directly relating to the representation of the class as ordered or approved by the Court.  (Ex. B to Linkh Decl. ("Bunney Cert.") ¶¶ 2-4, 6-7, Dkt. 16-2.)  A list of Bunney's transactions in IREN securities during the Class Period was attached to the certification.  (*See* Bunney Cert. at ECF Page 4; *see also* Bunney Cert. ¶ 5.)  In addition, an analysis of Bunney's financial interest was filed with Bunney's Motion. (Ex. C to Linkh Decl. ("Financial Interest Analysis"), Dkt. 16-3.)

Under the PSLRA, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of the class members," known as the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action … is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption "may be rebutted only upon proof by a member of the purported plaintiff class . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

"In making the determination of which plaintiff has the greatest financial interest, courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Clifford v. TRON Found.*, No. 20-CV-2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005)); *see also Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 WL 2478643, at *3 (E.D.N.Y. May 13, 2020). "The fourth factor, the approximate losses suffered, is considered to be the most important." *Xiangdong Chen*, 2020 WL 2478643, at *3 (collecting cases); *see also Clifford*, 2020 WL 3577923, at *2.

Plaintiff alleges that, following the publication of a report by Culper Research during market hours on July 11, 2024 in which Culper Research stated it believed IREN "dramatically misrepresented the strength and potential of its assets," IREN's share price fell $2.03 (15.3%, or 13.1% as compared to the prior day's closing price) to a closing price of $11.20 per share that same day. (Compl. ¶¶ 57-58, 89.)

On July 9 and 10, 2024, Bunney purchased 139,903.995 shares of IREN for $1,802,562.0632. (Financial Interest Analysis at 2; see also Bunney Cert. at 4.) On July 10 and 11, 2024, he sold all 139,903.995 shares of IREN for $1,678,922.4067. (*Id.*) Thus, during the Class Period, he incurred a net loss of $123,639.66. (*Id.*)

The other movants do not dispute that Bunney has the largest financial interest among them. (*See* Dkts. 23, 24, 25, 26.)  Because no other movant for appointment as lead plaintiff has shown a greater loss, Bunney has the largest financial interest in the relief sought.[1]

Bunney also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Court need only consider "whether the proposed plaintiff has made a 'preliminary showing' that two Rule 23 requirements—typicality and adequacy—are satisfied." *Xiangdong Chen*, 2020 WL 2478643, at *4 (citing cases); *see also Omdahl v. Farfetch Limited*, No. 19-CV-8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (citing *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (CM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016)).

To establish typicality under Rule 23(a)(3), a prospective lead plaintiff must show that each class member's claim, including the prospective lead plaintiff's, arises from the same course of events, and each class member, including the prospective lead plaintiff, makes similar legal arguments to prove the defendant's liability. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (citing *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)).  "A lead plaintiff's claims 'need not be identical to the claims of the class to satisfy the typicality requirement.'" *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08-CV-7281 (JFK), 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004)).

Bunney's claims are typical of the class because he purchased IREN securities during the Class Period and suffered losses he claims were due to Defendants' false and misleading statements. The purported class is "all persons other than defendants who acquired IREN securities publicly traded on NASDAQ during the Class Period, and who were damaged thereby."  (Compl. ¶ 91.) Because Bunney acquired publicly traded IREN securities during the Class Period and claims to have

---

[1] Movant Li claimed estimated losses of $108,519.85 (Li Mem. of Law at 4, Dkt. 19); movant Gregor claimed estimated losses of $5,414.00 (Gregor Mem. of Law at 6, Dkt. 18-2); and movant Maletta claimed estimated losses of $92,939.33 (Maletta Mem. of Law at 7, Dkt. 21).

been damaged thereby, and because the class members will necessarily make similar legal arguments in support of their claims, Bunney has established typicality.

Adequacy "entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Flag Telecom Holdings*, 574 F.3d at 35 (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)).

Courts find that a plaintiff's interests are not antagonistic to the class where the case is "based on alleged violations of the Securities Act where class members are relying on the same statements or omissions as the factual basis of their claims, and where the financial losses are tied to the drop in value" as a result of the false or misleading statements. *See Xiangdong Chen*, 2020 WL 2478643, at *4 (losses tied to drop in value that occurred after IPO); *see also Quan v. Advanced Battery Techs., Inc.*, No. 11-CV-2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant "suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and . . . he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties"). All class members, including Bunney, are relying on the same misrepresentations by Defendants referred to in Culper Research's report as the basis of their claims, and all their financial losses are tied to the alleged resultant drop in value of IREN shares. The Court, therefore, finds that Bunney's interests are not antagonistic to the class.

Bunney's selections for co-lead counsel, Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") are qualified and experienced counsel who are able to conduct the litigation. GPM has successfully prosecuted class action cases and complex litigation in federal and state courts throughout the country, achieving significant recoveries for class members in numerous securities class actions. (*See* GPM Firm Resume at 1-4, Ex. D to Linkh Decl., Dkt. 16-4.) Holzer has, likewise,

represented clients in federal courts nationwide and recovered tens of millions of dollars on behalf of investors through shareholder class litigation, currently serving as co-lead counsel in several securities class actions and previously having reached settlements in others. (*See* Holzer Firm Resume at 1-4, Ex. E to Linkh Decl., Dkt. 16-5.)

Therefore, Bunney satisfies the adequacy requirement.

Because no other class member has provided any proof to rebut Bunney's showing and the other movants for lead plaintiff have indicated they do not oppose Bunney's Motion, the presumption in the PLSRA that Bunney is the most adequate plaintiff stands. *See, e.g.*, *Clifford*, 2020 WL 3577923, at *3 ("In the absence of any competing motions, … there is no basis to rebut Movants' presumptive lead plaintiff status in this case"). Accordingly, Bunney's Motion to be appointed as lead plaintiff is granted, and Li's Motion, Gregor's Motion, and Maletta's Motion are each denied.

## II. Appointment of Lead Counsel

The PLSRA requires that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts defer to a plaintiff's selection of counsel "'and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class.'" *Xiangdong Chen*, 2020 WL 2478643, at *5 (quoting *Bray v. Frontier Commc'ns Corp.*, No. 17-CV-1617, 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)). As discussed *supra*, Bunney's chosen co-lead counsels, GPM and Holzer, each have substantial experience in litigating complex securities class actions on behalf of plaintiffs and have served as lead or co-lead counsel in numerous securities class actions. The Court, therefore, finds no reason to disturb Bunney's selection of lead counsel.

## CONCLUSION

For the foregoing reasons, Bunney's Motion is GRANTED, Bunney is appointed as lead plaintiff, and GPM and Holzer are appointed as co-lead counsel. Li's Motion, Gregor's Motion, and Maletta's Motion are each DENIED.

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: January 7, 2025
Brooklyn, New York